```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Leslie Piergallini, et al.,    :

    Plaintiffs,             :

  v.                              :       Case No. 2:06-cv-0555

Alfa Leisure, Inc.,             :       MAGISTRATE JUDGE KEMP

    Defendant.              :

## ORDER

Plaintiffs have filed a motion to compel discovery.  In the motion, they seek production of the "build documents" that relate to the manufacture of the RV that is at issue in this case.  Defendant objects to producing these documents on grounds that they contain no admissible evidence.  The motion is fully briefed.  For the following reasons, it will be granted.

The general principles involving the proper scope of discovery are well known.  The Federal Rules of Civil Procedure authorize extremely broad discovery.  <u>United States v. Leggett & Platt, Inc.</u>, 542 F.2d 655 (6th Cir. 1976), <u>cert. denied</u> 430 U.S. 945 (1977).  Therefore, Fed.R.Civ.P. 26 is to be liberally construed in favor of allowing discovery.  <u>Dunn v. Midwestern Indemnity</u>, 88 F.R.D. 191 (S.D.Ohio 1980).  Any matter that is relevant, in the sense that it reasonably may lead to the discovery of admissible evidence, and is not privileged, can be discovered.  The concept of relevance during discovery is necessarily broader than at trial, <u>Mellon v. Cooper-Jarrett, Inc.</u>, 424 F.2d 499 (6th Cir. 1970), and "[a] court is not permitted to preclude the discovery of arguably relevant information solely because if the information were introduced at trial, it would be

'speculative' at best." Coleman v. American Red Cross, 23 F.3d 1091, 1097 (6th Cir. 1994).

Information subject to disclosure during discovery need not relate directly to the merits of the claims or defenses of the parties. Rather, it may also relate to any of the myriad of fact-oriented issues that arise in connection with the litigation. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978). On the other hand, the Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request. See Herbert v. Lando, 441 U.S. 153 (1979). Additionally, the Court has discretion to limit or even preclude discovery which meets the general standard of relevance found in Rule 26(b)(1) if the discovery is unreasonably duplicative, or the burden of providing discovery outweighs the benefits, taking into account factors such as the importance of the requested discovery to the central issues in the case, the amount in controversy, and the parties' resources. See Fed.R.Civ.P. 26(b)(2). Finally, the Court notes that the scope of permissible discovery which can be conducted without leave of court has been narrowed somewhat by the December 1, 2000 amendments to the Federal Rules. Rule 26(b) now permits discovery to be had without leave of court if that discovery "is relevant to the claim or defense of any party ...." Upon a showing of good cause, however, the Court may permit broader discovery of matters "relevant to the subject matter involved in the action." Id.

As an initial matter, the Court notes that the issue here is not, as defendant contends, whether the documents contain evidence that would be admissible at trial. Plaintiffs have

argued that the information is discoverable, which calls for the application of the broader standard of relevance set forth above. The Court will thus apply that standard to the motion to compel.

Defendant's argument is premised upon the proposition that, in order to succeed on any of their claims, plaintiffs must show that the RV was defective after they purchased it. For example, defendant argues that on the Lemon Law claim, "plaintiffs must prove that 'defects' or 'non-conformities' *arose after purchase* and that Alfa did not timely repair those defects." Alfa's Objections to Plaintiffs' Request for Production of Documents (doc. # 22), at 1 (emphasis added). Alfa also claims that the breach of warranty claims are dependent upon "evidence of a breach of warranty, which can only occur during the warranty period." *Id.* at 2. This argument takes far too restrictive a view of what kind of information may ultimately lead to evidence that is admissible on the issue of whether the RV was defective or did not conform to representations made about its condition or performance.

Ohio's Lemon Law, R.C. §1345.72, provides in pertinent part as follows:

> (A) If a new motor vehicle does not conform to any applicable express warranty and the consumer reports the nonconformity to the manufacturer, its agent, or its authorized dealer during the period of one year following the date of original delivery or during the first eighteen thousand miles of operation, whichever is earlier, the manufacturer, its agent, or its authorized dealer shall make any repairs as are necessary to conform the vehicle to such express warranty, notwithstanding the fact that the repairs are made after the expiration of the appropriate time period.

Obviously, the statute does not restrict the relevant time period when defects are *introduced* into the vehicle as the time

3

after purchase; rather, the only thing which must happen during the first year or 18,000 miles is that the consumer *report* any defect or nonconformity. It would be odd indeed to limit the remedy provided for by this statute to defects that arise only after purchase, while giving no relief to a consumer whose vehicle is already defective at the time of purchase due to a manufacturing or design error that causes the vehicle not to conform to the express warranty given by the manufacturer or dealer. The same reasoning applies to plaintiffs' other claims. As Alfa itself notes, the Consumer Sales Practices Act and Magnuson-Moss claims depend on proof of a defect that "existed *during the warranty period,*" Alfa's Objection, at 2 (emphasis in original) rather than one which *first arose* during that time frame. A defect which exists at the time of sale also exists during the warranty period. Thus, the "build records" sought by plaintiffs clearly meet the relevance standard set forth in Rule 26, and they must be produced.

Based on the foregoing, the motion to compel (#19) is granted. The records in question shall be produced within fifteen days.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the

filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge