```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Leslie Piergallini, et al.,       :

      Plaintiffs,              :

  v.                                :   Case No. 2:06-cv-0555

                                        :

Alfa Leisure, Inc.,                  MAGISTRATE JUDGE KEMP
                                        :

      Defendant.

OPINION AND ORDER

This matter is before the Court on three motions for partial summary judgment.  Plaintiffs Leslie Piergallini and Anthony Piergallini have moved for summary judgment against defendant Alfa Leisure, Inc. on their claim for violation of the Ohio Lemon Law, Ohio Rev. Code §§1345.71 et seq.  The Piergallinis have also sought judgment as a matter of law against Alfa for breach of warranty and violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§2301 et seq.  Alfa, in turn, has filed a summary judgment motion with respect to the Piergallini's Ohio Lemon Law claims, their claims relating to breach of an implied warranty under the MMWA, and their rescission claim.  For the following reasons, each of the motions will be denied.

I.

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute.  It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law.  Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464

(1962). The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654 (1962)(per curiam). The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion. It is with these standards in mind that the instant motions must be decided.

## II.

The facts set forth here are derived from the Affidavit of Anthony Peirgallini which was submitted in support of the plaintiffs' motions for partial summary judgment. Mr. and Mrs. Piergallini purchased a new 2005 Alfa See Ya! Gold motor home on August 29, 2005 from Sirpilla RV Center, an authorized Alfa dealer. Alfa provided the Piergallinis with a written warranty. During the first year and first 18,000 miles after purchase, Mr. and Mrs. Piergallini presented the motor home to Sirpilla for

numerous repairs under the warranty.  As the result of such repairs and attempted repairs, the motor home was out of service for more than 30 days during this period.  All of the pending motions address legal issues arising out of this basic factual scenario.

### III.

The Ohio Lemon Law imposes a duty upon the manufacturer of a new motor vehicle to "make any repairs as are necessary to conform the vehicle to [its] express warranty within the first year or 18,000 miles, whichever comes first."  Ohio Rev. Code Ann. §1345.72(A); see Temple v. Fleetwood Enterprises, Inc., 133 Fed Appx 254, 261 (6th Cir. 2005).  Under the statute, a "manufacturer" is defined as a "person who manufactures, assembles, or imports motor vehicles, including motor homes."  Ohio Rev. Code Ann. §1345.71(B) (incorporating the definition set forth in Ohio Rev. Code Ann. §4517.01(R)).

> If the manufacturer is unable to conform the motor vehicle to any applicable express warranty by repairing or correcting any nonconformity after a reasonable number of repair attempts, the manufacturer, at the consumer's option, ... either shall replace the motor vehicle with a new motor vehicle acceptable to the consumer or shall accept return of the vehicle from the consumer and refund each of the following: (1) [t]he full purchase price... [and] (2) [a]ll incidental damages.

Ohio Rev. Code Ann. §1345.72(B).

The "reasonable number of attempts" provision of this law is satisfied if, during the one-year period or the first 18,000 miles, whichever is earlier, "[the] vehicle is out of service by reason of repair for a cumulative total of thirty or more calendar days."  The Ohio Supreme Court held that, when applicable, this provision creates a presumption of recovery

3

under the lemon law.  <u>Royster</u> v. <u>Toyota Motor Sales, U.S.A., Inc.</u>, 750 N.E.2d 531, 532 at syllabus (Ohio 2001).

> The fact that a consumer cannot drive a newly purchased vehicle for a full month in the first year of ownership defines the vehicle as a lemon.  The General Assembly struck thirty days as the balance between what a consumer must endure and the time a manufacturer needs to make necessary repairs.  Nothing beyond thirty days is statutorily reasonable.  Once the boundaries of reasonableness have been passed, the vehicle at that point becomes, legally, a lemon.

<u>Id</u>. at 535.

The lemon law also provides protection for manufacturers.  <u>Id</u>. Of particular importance here is the requirement that the defect or condition substantially impaired the use, safety, or value of the vehicle to the consumer. <u>See</u> Ohio Rev. Code Ann. §1345.71(E) (defining "nonconformity" for purposes of the Ohio Lemon Law).  Application of the lemon law is further limited to those parts of a motor home "that are not part of the permanently installed facilities for cold storage, cooking and consumption of food, and for sleeping..."  Ohio Rev. Code Ann. §1345.71(D).

Alfa first asserts that it is entitled to summary judgment on the Piergallinis' lemon law claim because the Ohio Lemon Law is unconstitutionally vague and ambiguous.  Alfa's argument is founded on the Due Process Clause of the United States Constitution.  <u>See</u> <u>Columbia Natural Resources, Inc. v. Tatum</u>, 58 F.3d 1101, 1144 (6th Cir. 1995).  Such a challenge more typically involves a criminal statute.  For example, in <u>Papachristou v. City of Jacksonville</u>, 405 U.S. 156 (1972), the case cited by Alfa, eight defendants were convicted in a Florida municipal court for violating a local vagrancy ordinance.  The Supreme Court found the ordinance void for vagueness both because it

failed "to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute" and because the ordinance as written would invariably lead to arbitrary arrests and convictions.  Id. at 162. (internal citations omitted).  A civil statute not impinging upon the First Amendment is unconstitutionally vague only if it is "so vague and indefinite as really to be no rule [or standard] at all" or if it is "substantially incomprehensible."  Buckley v. Wilkins, 826 N.E.2d 811, 816 (Ohio 2005) (citations omitted).

Alfa contends that the Ohio Lemon Law fails to provide fair notice to manufacturers of motor homes such as Alfa that their conduct could lead to penalties and civil damages.  Alfa specifically points to an internal inconsistency or ambiguity in the law.  While the statute expressly covers those parts of a motor home "that are not part of the permanently installed facilities for cold storage, cooking and consuming of food, and for sleeping," it excludes "mobile homes," "recreational vehicles," and "manufactured homes" from its coverage.  The term "recreational vehicle," in turn, is statutorily defined to include "motor home."  See Ohio Rev. Code Ann. §4501.01(Q)(2). Ohio courts have uniformly interpreted the lemon law to encompass those parts of motor homes not specifically excluded by according significance and effect to every word of the statute under well-known rules of statutory construction.  See, e.g., Dillow v. Mallard Coach Co., 615 N.E.2d 1076, 1080-81 (Ohio Ct. App. 1992) (Stephenson, J., concurring).  Any other construction would render the language in Ohio Rev. Code §1345.71(D) nugatory.  See id. at 1081.  Alfa complains that each of these courts has reached a slightly different result as to the extent by which a motor home is covered by the lemon law, but does not even begin to describe what these "slightly different" results are or why they should matter here.  Regardless of any slight difference in

interpretation, this Court is confident that the Ohio Lemon Law is not so vague and indefinite as to provide no standard at all and that the statute is substantially comprehensible to manufacturers of motor homes such as Alfa.

Alfa argues that if the Ohio Lemon Law is constitutional, it is still entitled to summary judgment on this claim because the Piergallinis have failed to produce objective evidence that their motor home is a nonconforming vehicle under that law. Alfa maintains that any problems or defects the Piergallinis have encountered relate solely to the "home-like" portions of their motor home which are not covered by the lemon law. See Rothermell v. Safari Motor Coaches, Inc. slip. op. 1994 WL 1029332 at *2 (N.D. Ohio July 19, 1994) ("[t]he lemon law relates to motor vehicles; it does not impose liability for defects in the home-like characteristics of motor homes. It relates to defects in the motor-vehicle characteristics"). Mr. and Mrs. Piergallini contend that, on the basis of the undisputed facts concerning the repair attempts made during the applicable one-year period, they are entitled to partial summary judgment on their lemon law claim. Therefore, the Court will address these opposing arguments together.

To prevail on their lemon law claim, Mr. and Mrs. Piergallini must prove by a preponderance of the evidence (1) that their motor home is covered by a written warranty; (2) the existence of a nonconformity; (3) that they reported the nonconformity to the manufacturer (Alfa) or the manufacturer's authorized dealer (Sirpillo) within the first year or first 18,000 miles, whichever is earlier; and (4) that the manufacturer (Alfa) or authorized dealer (Sirpillo) was unable to conform the motor home to the express warranty after a reasonable number of attempts. Iams v. DaimlerChrysler Corp., slip op., 2007 WL 4373237 at *2 (Ohio Ct. App. Dec. 17, 2007). There is no

6

material dispute that the Piergallinis' motor home is covered by a one-year limited warranty issued by Alfa.  Although Alfa argues that the Piergallinis failed to submit the warranty in connection with their motion, Alfa attached the warranty as an exhibit to its memorandum in support of its own motion for partial summary judgment.  There is also no dispute that Mr. and Mrs. Piergallini reported the alleged nonconformity to Alfa and Sirpillo within the first year and first 18,000 miles.  The Court, however, finds that, with respect to the existence of a nonconformity, genuine issues of material fact exist that preclude summary judgment for either party.

    First, there are factual issues to be tried concerning the scope of Alfa's limited warranty and whether the defective parts are covered.  Second, there is the related question of whether those defects constitute "part of the permanently installed facilities for cold storage, cooking and consumption of food, and for sleeping."  If so, they are excluded by §1345.71(D) from the lemon law's coverage.  Third, there are legitimate factual issues concerning whether the defects or conditions of the motor home have substantially impaired the use, safety or value of the vehicle to the Piergallinis.

    As to the fourth element, the Court cannot conclude as a matter of law that Alfa or its authorized dealer was unable to conform the motor home to the express warranty since there are issues of fact involving the scope of warranty and the existence of a nonconformity.  If, however, Mr. and Mrs. Piergallini are able to establish at trial that their motor home did not conform to Alfa's warranty, the fact that the vehicle was out of service for more than thirty days during the first year and first 18,000 miles will likely satisfy this final element under the presumption set forth in §1345.73(B), unless such presumption is successfully rebutted by Alfa.

IV.

The Magnuson-Moss Warranty Act, 15 U.S.C. §2301 et seq., provides, in relevant part, that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages, and other legal and equitable relief." 15 U.S.C. §2310(d)(1). In order to prevail on a MMWA claim, a plaintiff must prove that (1) the item in question was covered by a warranty; (2) the item did not conform to that warranty; (3) the warrantor was given a reasonable opportunity to remedy any defects; and (4) the warrantor failed to remedy the defects within a reasonable amount of time or a reasonable number of attempts. Temple, 133 Fed Appx at 268 (citing Abele v. Bayliner Marine Corp., 11 F.Supp.2d 955, 961 (N.D. Ohio 1997)). See also Iams, 2007 WL 4373237 at *12. The MMWA contemplates that a warrantor will be given more than one chance to cure an alleged defect. See Temple, 133 Fed Appx at 268 (citations omitted). Lastly, a plaintiff must demonstrate an economic loss caused by the breach of the written warranty. Id.

The Court concludes that genuine issues of material fact preclude summary judgment on the Piergallinis MMWA claim. Such triable issues include whether the alleged defects in the motor home were subject to Alfa's limited warranty and whether the alleged defects were, in fact, cured by Alfa and its authorized dealer. While the amount of time the motor home was out of service during the first year is compelling evidence of unreasonableness, the Court cannot conclude as a matter of law that this fact alone constitutes either a breach of Alfa's warranty or economic loss suffered by the Piergallinis.

In an aside, Alfa argues that any claim by Mr. and Mrs. Piergallini for breach of an implied warranty must fail for lack

8

of privity under the decision of the Ohio Supreme Court in <u>Curl v. Volkswagen of America, Inc.</u> 871 N.E.2d 1141 (Ohio 2007). The plaintiffs recently obtained leave of Court to amend their complaint to delete any reference to implied warranties. Accordingly, this portion of Alfa's motion is moot.

V.

Alfa has also moved for summary judgment on the Piergallinis' alternate prayer for relief seeking rescission of the sales contract for their motor home. Alfa argues that the rescission-like remedy of revocation of acceptance is unavailable to the plaintiffs due to a lack of privity between the parties. Mr. and Mrs. Piergallini have responded that rescission is a remedy under their claim against Alfa for violation of the Ohio Consumer Sales Practices Act and that privity is not an element of their OCSPA claim. Because Alfa's argument appears to be limited to the plaintiffs' lemon law claim, the Court cannot conclude that the rescission claim is foreclosed as a matter of law.

VI.

Alfa maintains that there is no evidence that it manufactured the motor vehicle bearing the vehicle identification number listed in the complaint. Alfa acknowledges that the number was simply a typographical error, but points out in its memorandum that the Piergallinis had failed to amend their complaint to correct this error. On March 4, 2008, the Court granted an unopposed motion for leave to amend and ordered that the vehicle identification number be corrected. Accordingly, Alfa's argument on this issue is now moot.

VII.

Lastly, Alfa raises for the first time in its reply memorandum that the Ohio Lemon Law is preempted by the MMWA. Because this argument is improperly raised in a reply, the Court

9

declines to address it at this time.

## VIII.

Based on the foregoing reasons, the plaintiffs' motion for partial summary judgment on their Ohio Lemon Law claim (#30), the plaintiffs' motion for partial summary judgment on their MMWA claim (#32), and the defendant's motion for partial summary judgment (#33) are denied.

/s/ Terence P. Kemp
United States Magistrate Judge